IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:23-CR-96-ALM-KPJ |
| NATHAN PHILLIP WEBSTER | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 16, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Mr. Howard Blackmon. The Government was represented by Assistant United States Attorney Wes Wynne.

On May 11, 2016, United States District Judge James H. Payne, sentenced Defendant to a term of one hundred and eight (108) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 6 at 1. On January 24, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On February 1, 2024, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 6), alleging Defendant violated eight conditions of supervised release. *See id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as

1

prescribed by a physician; (4) Defendant shall not commit another federal, state, or local crime; (5) Defendant shall not unlawfully possess a controlled substance; (6) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (7) Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; and (8) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)–(3) On March 7, 2023, Defendant was arrested by the Arlington Police Department for committing the offenses of Driving While Intoxicated/Open Container; Delivery of Marijuana 1/4oz-5lbs; Manufacture and Delivery of a Controlled Substance PG2 >=400 Grams, and Manufacture Delivery of a Controlled Substance PG1 >=4<200 Grams.

Per the arrest report, on March 7, 2023, Arlington Police Department noticed the vehicle Defendant was driving in two lanes and unable to maintain a single lane of travel. Upon making contact with Defendant, the officer immediately smelled the odor of an alcoholic beverage emitting from his breath. Defendant failed the field sobriety test and was placed under arrest for Driving While Intoxicated. It was later determined that Defendant operated a motor vehicle while under the influence of methamphetamine; such was confirmed via Forensic Toxicology Results-Tarrant County Medical Examiner's Office. Upon search of the vehicle Defendant was operating, a box containing marijuana was located, as was a crystal substance. Both substances were later tested and confirmed positive as marijuana and methamphetamine. Defendant's personal items were inventoried, and his cash totaled $1,070, noted in denominations of (6) $100, (1) $50, and (21) $20 bills.

Defendant posted bond from Tarrant County Corrections Center and remained free on bond until being arrested for additional charges on January 28, 2024.

As of this writing, the aforementioned misdemeanor charges remain pending in Tarrant County-County Criminal Court Number 8; the felony offenses remain

        pending in Tarrant County-Criminal District Court, Number Four. The next scheduled court date in these four cases is February 15, 2024.

(4)–(6) On January 28, 2024, Defendant was arrested by the Euless Police Department for committing the offenses of Evading Arrest and Detention with a Vehicle, Tamper/Fabricate Physical Evidence with Intent to Impair, and Manufacture and Delivery of a Controlled Substance PG1 >4<=200Grams; bond amounts of $5,000, $5,000, and $10,000 were respectively imposed. As of this writing, Defendant remains in custody of Tarrant County Corrections Center. An offense report has been requested, but not yet received from Euless Police Department regarding these aforementioned offenses.

(7) On January 25, 2022, Defendant was enrolled in the Electronic Reporting System and instructed to submit a monthly report online by the 5th of each month. Defendant failed to submit a monthly report by the fifth day of the month as instructed during September 2023, and January 2024.

(8) In December 2023, Defendant was unsuccessfully discharged from mental health treatment with NOC Clinical Counseling and Consulting PLLC, due to lack of change in his improved cognitions, as well as a verbalized refusal to continue treatment services.

On May 16, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for May 16, 2024. Defendant entered a plea of true to allegations seven and eight, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 15. The Government moved to withdraw allegations one through six, which the Court granted. *See* Minute Entry for May 16, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the May 16, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months, to run consecutive to any other term of imprisonment, with no supervised release to follow. The Court

further recommends that Defendant receive three hundred and seventy (370) days credit to his term of imprisonment for over-serving on his previous sentence. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 17th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE